United States District Court
Southern District of Texas
**ENTERED**
May 20, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOHN T. PATRICK, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:19-CV-65 |
| | § | |
| JENNIFER HIRBST, *et al*, | § | |
| | § | |
| Defendants. | § | |

# MEMORANDUM AND RECOMMENDATION
## TO DISMISS CERTAIN CLAIMS AND TO RETAIN CASE

Plaintiff John T. Patrick is a Texas inmate appearing *pro se* and *in forma pauperis*. He filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's case is subject to screening pursuant to the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. For purposes of screening, Plaintiff has stated: (1) a retaliation claim against **Officer Francisco Olvera** in his individual capacity; (2) a retaliation claim against **Warden Philip Sifuentes** in his official capacity for injunctive relief only; and (3) equal protection claims against **Captains Jennifer Herbst[1] and Ray Guevara** in their individual capacities. Accordingly, it is respectfully recommended that these claims be **RETAINED.** The undersigned will order service on these defendants.

---

[1] Plaintiff listed "Jennifer Hirbst" as a defendant in this case. Plaintiff, however, has clarified that this defendant's last name is "Herbst." (D.E. 15).

The undersigned further recommends that Plaintiff's claims for money damages against all Defendants in their official capacities be **DISMISSED** as barred by the Eleventh Amendment. Lastly, the undersigned recommends that Plaintiff's claims against the remaining defendants be **DISMISSED** for failure to state a claim and/or as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for the reasons set forth below.

## I.     JURISDICTION

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

## II.    PROCEDURAL BACKGROUND AND PLAINTIFF'S ALLEGATIONS

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID). Plaintiff was convicted in Harris County for aggravated robbery and was sentenced on July 27, 2016 to thirty years in prison. Plaintiff's claims in this lawsuit occurred in connection with his current assignment to the McConnell Unit in Beeville, Texas.

On October 4, 2018, Plaintiff filed his original complaint against the following McConnell Unit officials: (1) Captain Jennifer Herbst; (2) Captain Ray Guevara; (3) Sergeant Andrew H. Nino; (4) Sergeant Michelle D. Esparza; and (5) Officer Francisco Olvera. Plaintiff claims that Defendants have harassed him through acts of retaliation, violated his due process rights, and discriminated against him on the basis of race. In

addition to monetary relief, Plaintiff seeks injunctive relief in the form of: (1) preventing any further retaliatory acts; and (2) restoring Plaintiff's line class and good-time credits.

Plaintiff's Original Complaint was not completed on a Prisoner Civil Rights Complaint Form. Thus, on February 27, 2019, the undersigned directed Plaintiff to complete the form complaint and return it to the Court on or before March 15, 2019. (D.E. 8). On March 11, 2019, Plaintiff filed his completed form complaint, which was docketed as his Supplemental Complaint. (D.E. 14).

A *Spears*[2] hearing was conducted on March 29, 2019. The following representations were made either at the *Spears* hearing or in Plaintiff's original and Supplemental Complaints (D.E. 1, 14): Plaintiff, an African American male, arrived at the McConnell Unit on March 28, 2018. Plaintiff identifies two series of events which, he believes, constitute a campaign of retaliatory harassment against him as well as violations of his due process rights.

### A. First Series of Events

In April 2018, Plaintiff discussed with Sgt. Nino, who was an officer at that time, that he had a lay-in for a dental appointment that morning. However, Sgt. Nino left Plaintiff's section and did not return in time to perform a proper ingress/egress and allow Plaintiff to leave at the appropriate time to make his dental appointment. After exchanging words, Plaintiff told Sgt. Nino that he may file a grievance complaint against him. Plaintiff alleges Sgt. Nino responded by threatening Plaintiff and searching his cell.

---

[2] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985); *see also Eason v. Holt*, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a *Spears* hearing is incorporated into the pleadings).

Sgt. Nino found no contraband when he searched Plaintiff's cell. Plaintiff subsequently filed a grievance against Sgt. Nino, complaining that Sgt. Nino did not perform the ingress/egress for Plaintiff and subsequently retaliated against Plaintiff by searching his cell. Plaintiff's grievance was rejected.

Plaintiff alleges Sgt. Nino could not retaliate because Nino was working in a different section of the unit from Plaintiff. Due to his disciplinary conviction on November 5, 2018, which is discussed below, Plaintiff lost his job and was reassigned to work as a shower janitor by Sgt. Nino who had become a sergeant by that time. According to Plaintiff, Sgt. Nino began to harass Plaintiff, causing Plaintiff to avoid performing his janitor duties at the buildings to which Sgt. Nino was assigned.

In early January of 2019, Capt. Herbst took over for another supervisor in Plaintiff's building. According to Plaintiff, the previous captain, an African American male, was not biased against inmates and would listen to their complaints against prison officials. On January 4, 2019, Sgt. Nino ordered Officer Rodriguez to approach Plaintiff in the hallway while he was around several other inmates. Officer Rodriguez asked to see Plaintiff's ID card but not that of the other inmates. Plaintiff followed Officer Rodriguez back to another building where Sgt. Nino was working. Sgt. Nino asked Plaintiff what he was doing in his building. Sgt. Nino acted belligerently when Plaintiff asked him why Officer Rodriguez took his ID card. Plaintiff told Sgt. Nino that he would bring this issue to the warden's attention. Sgt. Nino directed Officer Rodriguez to bring a disciplinary case against Plaintiff for being out of place and not going directly to his job

assignment. Sgt. Nino reportedly tried to coerce another officer to write a disciplinary case against Plaintiff, but that officer refused to do so.

On January 17 and 18, 2019, Plaintiff appeared in a disciplinary hearing and was represented by counsel substitute. Captain Guevara was the disciplinary hearing officer (DHO). Plaintiff maintains Capt. Guevara denied Plaintiff a fair and impartial hearing and did allow Plaintiff to call witnesses and ask certain questions. After finding Plaintiff guilty of being out of place, Capt. Guevara imposed the following severe punishments: (1) a reduction in line class from S4 to L1; (2) thirty days loss of good time credits; and (3) various forty-five-day restrictions. Plaintiff's administrative appeals were denied, and his disciplinary punishment otherwise has not been overturned.

### B. Second Series of Events

Plaintiff alleges that on November 3, 2018, when Plaintiff was going to work, Officer Olvera told Plaintiff that he found Plaintiff to be sexually attractive. Plaintiff verbally complained to Sgt. Esparza that Officer Olvera had sexually harassed him. Sgt. Esparza, however, did not take any action to assist Plaintiff with his sexual harassment allegation.

On November 4, 2018, Plaintiff left his cup in the dining facility, and the cup was picked up by someone else. Officer Bolivar authorized Plaintiff to go to a different building to retrieve his cup. Officer Olvera saw Plaintiff and told him he was out of place. Plaintiff told Officer Olvera that Officer Bolivar had given him permission to pick up the cup. Officer Olvera asked for Plaintiff's ID and proceeded to file a disciplinary case against Plaintiff for being out of place and lying to an officer. Plaintiff alleges

Officer Olvera convinced Officer Bolivar to deny the fact he gave Plaintiff permission to retrieve the cup.

Two hours later, Sgt. Esparza began investigating the disciplinary case brought against Plaintiff. Plaintiff alleges Sgt. Esparza violated protocol and took the disciplinary case directly to Capt. Herbst, who processed the case on November 5, 2018. Capt. Herbst presided over the disciplinary hearing as the DHO. Plaintiff believes that Capt. Herbst was biased and had a conflict of interest because she participated in the investigation of the disciplinary case. After finding Plaintiff guilty of the disciplinary charges, Capt. Herbst imposed the following punishments on Plaintiff: (1) a reduction in line class from S3 to S4; (2) thirty days loss of good time credits; and (3) various thirty-day restrictions. Plaintiff's administrative appeals were denied, and his disciplinary punishment otherwise has not been overturned.

Plaintiff believes he is the victim of race discrimination with respect to the disciplinary cases and identifies all Defendants as Hispanic. Plaintiff states that he has evidence to show that: (1) Hispanic inmates receive the option of an informal resolution for the same type of charged offenses; and (2) African American inmates receive harsher punishments than Hispanic inmates for the same out-of-place charges. Plaintiff references one Hispanic inmate as receiving a lesser punishment for the same type of out-of-place charge.

## III.  LEGAL STANDARD

When a prisoner seeks to proceed *in forma pauperis* the Court shall evaluate the complaint and dismiss it without service of process if the Court finds the complaint

frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. *See* 28 U.S.C. § 1915(e)(2)(B) (providing that a court shall review an *in forma pauperis* complaint as soon as practicable and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant). A claim is frivolous if it has no arguable basis in law or fact. *Neitzke v. Williams,* 490 U.S. 319 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998). A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998).

"In analyzing the complaint, [the Court] will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999). "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim. Thus, the Court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Id.* (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff must allege sufficient facts in support of its legal conclusions that give rise to a reasonable inference that Defendant is liable. *Id.*; *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The factual allegations must raise Plaintiff's claim for relief above the level of mere speculation. *Twombly*, 550 U.S. at 555. As long as the complaint, taken as a whole, gives rise to a plausible inference of actionable conduct, Plaintiff's claim should not be dismissed. *Id*.

Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To prevail on a § 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48 (1988). A defendant acts under color of state law if he misuses or abuses official power and if there is a nexus between the victim, the improper conduct, and the defendant's performance of official duties. *Townsend v. Moya,* 291 F.3d 859, 861 (5th Cir. 2002).

## IV.   DISCUSSION

### A.   Eleventh amendment immunity and Official Capacity

A suit against a state officer in his or her official capacity is effectively a suit against that state official's office. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). The Eleventh Amendment, however, bars claims for money damages against a state or state agency. *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996); *Aguilar v. Texas Dep't of Criminal Justice,* 160 F.3d 1052, 1054 (5th Cir. 1998). As such, an action for monetary damages against a state official in his or her official capacity is one against the state itself, and is barred by the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). The Fifth Circuit has extended the Eleventh

Amendment immunity specifically to TDCJ officers and officials acting in their official capacities. *See Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002) (Eleventh Amendment bars prisoner's suit for money damages against prison officials in their official capacities).

To the extent that Plaintiff sues each Defendant in his or her official capacity for money damages, those claims are barred by the Eleventh Amendment. Thus, it is respectfully recommended that Plaintiff's claims for money damages against Defendants in their official capacities be dismissed as barred by the Eleventh Amendment.

**B.    Retaliation**

Plaintiff claims that Defendants engaged in harassment and retaliatory acts against him. Retaliation is not expressly referred to in the Constitution; however, it is nonetheless actionable because retaliatory actions may tend to chill an individual's exercise of constitutional rights. *See Perry v. Sindermann*, 408 U.S. 593, 597 (1972). Retaliation is actionable "only if the retaliatory act 'is capable of deterring a person of ordinary firmness from further exercising his constitutional rights.'" *Bibbs v. Early*, 541 F.3d 267, 270 (5th Cir. 2008) (quoting *Morris v. Powell*, 449 F.3d 682, 684 (5th Cir. 2006)).

The purpose of allowing retaliation claims under § 1983 is to ensure that prisoners are not unduly discouraged from exercising their constitutional rights. *Morris*, 449 F.3d at 686. Thus, "[a] prison official may not retaliate against or harass an inmate for exercising the right of access to the courts, or for complaining to a supervisor about a guard's misconduct." *Woods v. Smith*, 60 F.3d 1161, 1164 (5th Cir. 1995). "Filing

grievances and otherwise complaining about the conduct of correctional officers through proper channels are constitutionally protected activities, and prison officials may not retaliate against inmates for engaging in such protected inmates." *Reese v. Skinner*, 322 F. App'x 381, 383 (5th Cir. 2009) (citing *Morris*, 449 F.3d at 684).

The Fifth Circuit has emphasized that "prisoners' claims of retaliation are regarded with skepticism and are carefully scrutinized by the courts." *Adeleke v. Fleckenstein*, 385 F. App'x 386, 387 (5th Cir. 2010) (citing *Woods*, 60 F.3d at 1166). In addition, the Fifth Circuit has concluded that some acts, even though they may be motivated by retaliatory intent, are so *de minimis* that they would not deter the ordinary person from further exercise of his rights. *Morris*, 449 F.3d at 686. Such acts do not rise to the level of constitutional violations and cannot form the basis of a § 1983 claim. *Id.*

To state a valid § 1983 claim for retaliation, "a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." *Jones*, 188 F.3d at 324-25 (citing *McDonald v. Stewart*, 132 F.3d 225, 231 (5th Cir. 1998)). An inmate must allege more than his personal belief that he is the victim of retaliation. *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997) (citation omitted). "Mere conclusory allegations of retaliation will not be enough to withstand a proper motion for dismissal of the claim." *Jones*, 188 F.3d at 325. The inmate must produce direct evidence of motivation or a chronology of events from which retaliation may be inferred. *Id.* In other words, a successful claim of retaliation requires a showing that, but for some

retaliatory motive, the complained of adverse incident would not have occurred. *Woods*, 60 F.3d at 1166.

### (1) Sgt. Nino

Plaintiff claims that Sgt. Nino retaliated against him in April 2018 by searching his cell after Plaintiff told Sgt. Nino he would file a grievance against him for not allowing him to make a dental appointment on time. As discussed above, "the invocation of a specific constitutional right is the first element of a retaliation claim." *Williams v. Sellers*, No. H-11-4287, 2014 WL 794191, at *11 (S.D. Tex. Feb. 26, 2014). When Sgt. Nino searched Plaintiff's cell, Plaintiff neither had filed a grievance nor sought legal action against this defendant and had only threatened to do so. Making such a threat to file a grievance does not amount to the exercise of a specific constitutional right. *See Peters v. Quarterman*, 252 F. App'x 705, 706 (5th Cir. 2007); *Williams*, 2014 WL 794191, at *11-12.

Plaintiff also fails to allege that he was subjected to an adverse act when Sgt. Nino searched his cell. As noted above, to prevail on a retaliation claim, Plaintiff must demonstrate that he suffered an adverse act that "would chill or silence a person of ordinary firmness" from complaining in the future. *Morris,* 449 F.3d at 685-86. Plaintiff's allegations indicate that he subsequently filed a grievance against Sgt. Nino for searching his cell. Thus, it is clear that the search of Plaintiff's cell had no chilling effect on Plaintiff's ability to complain. Accordingly, the undersigned respectfully recommends that Plaintiff's allegations regarding the search of his cell by Sgt. Nino be dismissed with prejudice as frivolous and/or for failure to state a claim.

Plaintiff further alleges that Sgt. Nino committed retaliatory acts against Plaintiff by: (1) harassing him when Plaintiff was reassigned to work as a janitor in November 2018; and (2) causing Officer Rodriguez to bring a disciplinary action against him in January 2019 for being out of place. Plaintiff's allegations against Sgt. Nino involve actions taken months after Plaintiff had filed a grievance against him for searching his cell. Other than offering his personal belief that he was subjected to harassment and retaliation by Sgt. Nino, Plaintiff alleges nothing to suggest a direct link between his exercise of a constitutional right to file a grievance and Sgt. Nino's actions months later.

Plaintiff suggests that Sgt. Nino did not have the opportunity to retaliate until he was promoted to sergeant in November 2018 and Plaintiff was reassigned to be a janitor. Again, Plaintiff relies on his personal belief that Sgt. Nino was waiting for an opportunity to get Plaintiff and not on specific facts setting forth a chronological series of events where retaliation can be inferred. The fact that Plaintiff experienced harassing treatment by Sgt. Nino while working as a janitor (including his setting into motion a disciplinary action against Plaintiff for being out of place) months after Plaintiff's grievance was filed is not sufficient to state a retaliation claim. *See Ybarra v. Hurley*, No. 9:09cv212, 2010 WL 2432376, at *4 (E.D. Tex. May 13, 2010) (finding that prisoner had offered no facts "beyond the simple fact that he filed a grievance in July of 2009 and then experienced an adverse event in October of 2009 as proof that the two situations were related). Accordingly, the undersigned respectfully recommends that Plaintiff's allegations regarding Sgt. Nino's harassing treatment beginning in November 2018 be dismissed with prejudice as frivolous and/or for failure to state a claim.

### *(2) Officer Olvera and Sgt. Esparza*

Plaintiff claims that Officer Olvera retaliated against him after Plaintiff had verbally complained to Sgt. Esparza on November 3, 2018 about Officer Olvera's sexual harassment of Plaintiff. According to Plaintiff, Sgt. Olvera retaliated against Plaintiff for filing this complaint by filing a false disciplinary case the next day against Plaintiff for being out of place.

Plaintiff's verbal complaint with Sgt. Esparza about Officer Olvera's conduct is constitutionally protected speech. *See Hernandez v. Gerzon*, No. 2:07-CV-86, 2010 WL 2680177, at * (N.D. Tex. May 14, 2010) (concluding that inmate's verbal complaint to one prison official about another official was constitutionally protected speech). Thus, Plaintiff has alleged he exercised a constitutional right the day before Officer Olvera filed a disciplinary report against Plaintiff for being out of place. Plaintiff's allegations further reflect suggest that Officer Olvera undertook this adverse action against Plaintiff soon after and in response to Plaintiff lodging his verbal complaint with Sgt. Esparza. Accordingly, the undersigned respectfully recommends that Plaintiff's retaliation claim proceed against Officer Olvera in his individual capacity.

Plaintiff also seeks injunctive relief in the form of preventing any future retaliatory acts to occur against Plaintiff. Instead of Officer Olvera, the official capable of fashioning such relief would be the unit's warden. Accordingly, the undersigned respectfully recommends that Warden Philip Sifuentes be added as a defendant and that Plaintiff's retaliation claim seeking injunctive relief be retained against him in his official capacity only.

Plaintiff also appears to claim that Sgt. Esparza contributed to the retaliation by taking no interest in Plaintiff's sexual harassment allegation and then conducting a quick investigation into Plaintiff's disciplinary case. Plaintiff, however, fails to allege that he suffered a retaliatory adverse act with respect to Sgt. Esparza's conduct. While Sgt. Esparza investigated the disciplinary action, Plaintiff's allegations reflect that Officer Olvera was the official who brought the case. Plaintiff offers nothing more than his personal belief that Sgt. Esparza's acted with a retaliatory motive against Plaintiff. Accordingly, the undersigned recommends that Plaintiff's retaliation claim against Sgt. Esparza be dismissed with prejudice as frivolous and/or for failure to state a claim.

### C. Due Process (Disciplinary Hearings)

Plaintiff claims that his due process rights were violated in both of his disciplinary proceedings on charges of being out of place. With regard to the disciplinary proceeding conducted on November 2018, Plaintiff alleges that: (1) Sgt. Esparza violated protocol in investigating the case and bringing it directly to the DHO, Capt. Herbst; and (2) Capt. Herbst was not impartial and had a conflict of interest because she participated in the investigation of the disciplinary case. With regard to the disciplinary hearing conducted in January 2019, Plaintiff alleged that Capt. Guevara denied Plaintiff a fair and impartial hearing and failed to allow Plaintiff his right to call witnesses and ask certain questions.

The Supreme Court has held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]." *Heck v. Humphrey*, 512 U.S. 477,

486-87 (1994). "It is well-settled under *Heck* that a plaintiff who has been convicted of a crime cannot recover damages for an alleged violation of his constitutional rights if that 'violation arose from the same facts attendant to the charge for which he was convicted . . . .'" *Bush v. Strain*, 513 F.3d 492, 497 (5th Cir. 2008) (quoting *Heck*, 512 U.S. at 486-87). The *Heck* doctrine also operates to bar prisoners from seeking injunctive relief or otherwise challenging the punishment imposed by a disciplinary proceeding through a § 1983 action. *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997) ("[plaintiff's] claim for declaratory relief and money damages, based on allegations ... that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983"); *Clarke v. Stalder*, 154 F.3d 186, 189-91 (5th Cir. 1998) (en banc) (applying *Heck* to bar plaintiff's constitutional claims for injunctive relief that were fundamentally intertwined with his request for restoration of good-time credits).

Plaintiff testified at the *Spears* hearing that Capt. Herbst imposed the following punishments on Plaintiff in connection with the November 2018 disciplinary hearing: (1) a reduction in line class from S3 to S4; (2) thirty days loss of good time credits; and (3) various thirty-day restrictions. Plaintiff further testified that Capt. Guevara imposed the following punishment in connection with the January 2019 disciplinary hearing: (1) a reduction in line class from S4 to L1; (2) thirty days loss of good time credits; and (3) various forty-five-day restrictions. Granting Plaintiff relief as to his due process claims would necessarily imply the invalidity of the punishments imposed in his disciplinary proceedings. Plaintiff's testimony reflects that none of his disciplinary convictions for which he was sanctioned have been overturned on appeal or set aside in a habeas corpus

proceeding. Because Plaintiff has not successfully had any of these disciplinary decisions set aside, he cannot seek any relief in this case with respect to his due process claims. Thus, it is respectfully recommended that Plaintiff's due process claims against Sgt. Esparza, Capt. Herbst, and Capt. Guevara be dismissed as frivolous and/or for failure to state a claim for relief.

### D. Equal Protection

Plaintiff claims that he is being subjected to racial discrimination with respect to the disciplinary punishments he has received in his two disciplinary hearings. The Equal Protection Clause of the Fourteenth Amendment requires essentially that all persons similarly situated be treated alike. *See Stefanoff v. Hays County,* 154 F.3d 523, 525-26 (5th Cir. 1998) (citing *Rolf v. City of San Antonio*, 77 F.3d 823, 828 (5th Cir. 1996)). A state actor violates the Equal Protection Clause when he or she treats one set of persons differently from others who are similarly situated. *See Yates v. Stadler,* 217 F.3d 332, 334 (5th Cir. 2000) (citing *Wheeler v. Miller*, 168 F.3d 241, 252 (5th Cir. 1999)).

To establish an equal protection claim, a plaintiff must allege (1) that the defendant created two or more classifications of similarly situated prisoners that were treated differently, and (2) that the classification had no rational relation to any legitimate governmental objective. *See Stefanoff,* 154 F.3d at 526 (citing *Johnson v. Rodriguez,* 110 F.3d 299, 306-07 (5th Cir. 1997). In deciding whether similarly situated individuals have been treated differently, the court examines "whether the plaintiffs are similarly situated to another group for purposes of the challenged government action." *Yates,* 217 F.3d at 334.

Plaintiff is African American while all of the defendants named are Hispanic. Plaintiff alleges that he has evidence to show that: (1) Hispanic inmates receive the option of an informal resolution for the same type of charged disciplinary offenses; and (2) African American inmates receive harsher punishments than Hispanic inmates for the same out-of-place charges. Plaintiff references one Hispanic inmate as receiving a lesser punishment for the same type of out-of-place charge brought against Plaintiff in connection with this action. When accepting Plaintiff's allegations as true, they suggest that he was subjected to disparate treatment as an African American inmate as compared to his Hispanic inmate counterparts when receiving possible disciplinary punishment for the same offenses. While Plaintiff appears to assert this claim again all Defendants, his equal protection claim is properly brought against the defendants who imposed the disciplinary punishments about which Plaintiff complains. Accordingly, the undersigned respectfully recommends that Plaintiff's equal protection claims be retained against Capt. Guevara and Capt. Herbst and dismissed with prejudice against Sgt. Nino, Officer, Olvera, and Sgt. Esparza.

V.  **RECOMMENDATION**

The undersigned respectful recommends that Warden Philip Sifuentes be added as a defendant in this case only to answer claims for purposes of fashioning injunctive relief should Plaintiff prevail on his retaliation claim. For purposes of § 1915A, Plaintiff has stated sufficient facts that, if true, state: (1) a retaliation claim against **Officer Francisco Olvera** in his individual capacity for monetary relief; (2) a retaliation claim against **Warden Philip Sifuentes** in his official capacity for injunctive relief only; and (3) equal

protection claims against **Captains Jennifer Herbst and Ray Guevara** in their individual capacities. Accordingly, it is respectfully recommended that these claims be **RETAINED.** The undersigned will order service as to these defendants by separate order.

The undersigned further recommends that Plaintiff's claims for money damages against all Defendants in their official capacities be **DISMISSED** as barred by the Eleventh Amendment. Lastly, the undersigned recommends that Plaintiff's claims against the remaining defendants be **DISMISSED** for failure to state a claim and/or as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for the reasons set forth below.

Respectfully submitted this 20th day of May 2019.

                                                             _____
                                                             Jason B. Libby
                                                             United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).