IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOHN T. PATRICK, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL NO. 2:19-CV-65 |
| | § | |
| JENNIFER HIRBST, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Plaintiff John T. Patrick, proceeding *pro se* and *in forma pauperis*, has filed this civil rights action. Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID) and is currently housed at the McConnell Unit in Beeville, Texas. Pending before the Court is the Magistrate Judge's Memorandum and Recommendation ("M&R"), Dkt. No. 16, and Plaintiff's Motion for Immediate Injunctive Relief, which is construed as a motion seeking preliminary injunctive relief, Dkt. No. 18. The motion was initially referred to Magistrate Judge Jason B. Libby. However, for purposes of expediency, it is hereby **ORDERED** that the referral of this motion is **TERMINATED**. Accordingly, the Court **ADOPTS** the M&R, Dkt. No. 16, and **DENIES** Plaintiff's motion seeking preliminary injunctive relief, Dkt. No. 18, for the reasons set forth below.

### I. BACKGROUND

In this civil rights action, Plaintiff sues the following McConnell Unit officials: (1) Captain Jennifer Herbst ("Herbst");[1] (2) Captain Ray Geuvara ("Guevara"); (3) Sergeant Andrew H. Nino ("Nino"); (4) Sergeant Michelle D. Esparza ("Esparza"); and (5) Officer Francisco Olvera ("Olvera"). Plaintiff claims that Defendants have harassed him through acts of retaliation, violated his due

---

[1] Plaintiff listed "Jennifer Hirbst" as a defendant in this case. Plaintiff, however, has clarified that this defendant's last name is "Herbst." Dkt. No. 15.

process rights, and discriminated against him on the basis of race. In addition to monetary relief, Plaintiff seeks injunctive relief in the form of preventing any further retaliatory acts and restoring Plaintiff's line class and good-time credits.

On May 20, 2019, Magistrate Judge Libby issued a M&R, recommending that the Court: (1) retain Plaintiff's retaliation claim against Olvera in his individual capacity for monetary relief; (2) retain Plaintiff's retaliation claim against Warden Philip Sifuentes ("Sifuentes") in his official capacity for injunctive relief only; (3) retain Plaintiff's equal protection claims against Herbst and Geuvara in their individual capacities; (4) dismiss Plaintiff's claims for money damages against all Defendants in their official capacities as barred by the Eleventh Amendment; and (5) dismiss Plaintiff's claims against the remaining defendants for failure to state a claim and/or as frivolous. Dkt. No. 16.

On the same day, Plaintiff filed a motion seeking preliminary injunctive relief. Dkt. No. 18. He complains that, since filing his complaint, he has been refused meals and has been placed in the administrative segregation building. *Id.* at 1. He further complains that he can barely see because his two pairs of reading glasses have been taken from him and that he had been previously denied prescription glasses for over a year. *Id.* Plaintiff fears for his safety and seeks unspecified injunctive relief. *Id.*

## II. DISCUSSION
### a. M&R

After independently reviewing the filings, the record, and applicable law, the Court adopts the M&R, Dkt. No. 16. The Court therefore retains Plaintiff's retaliation claim against Olvera in his individual capacity for monetary relief; Plaintiff's retaliation claim against Sifuentes in his official capacity for injunctive relief; and Plaintiff's equal protection claims against Herbst and Guevara in their individual capacities. All other claims are dismissed.

### b. Motion for Preliminary Injunctive Relief

In order to obtain a preliminary injunction under Federal Rule of Civil Procedure 65, the movant must demonstrate: (1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the injunction is denied; (3) the threatened injury outweighs any damage that the injunction might cause the defendant; and (4) the injunction will not disserve the public interest. *Texans for Free Enter. v. Texas Ethics Com'n*, 732 F.3d 535, 536-37 (5th Cir. 2013). Injunctive relief is an extraordinary remedy which requires the movant to unequivocally show the need for its issuance. *Sepulvado v. Jindal,* 729 F.3d 413, 417 (5th Cir. 2013) (internal citations and quotations omitted). Plaintiff must carry the burden as to all four elements before a preliminary injunction may be considered. *Voting for America, Inc. v. Steen*, 732 F.3d 382, 386 (5th Cir. 2013) (internal quotations and citations omitted).

Plaintiff's motion fails to warrant the extraordinary remedy of a preliminary injunction. First, Plaintiff raises new allegations of retaliation that arose after the events described in his complaint. These new allegations involve incidents separate and distinct from the retaliation and equal protection claims raised in his complaint. He has failed to present any arguments or evidence to demonstrate a likelihood of success on the merits of those claims that have been retained in this case. *Sepulvado*, 729 F.3d at 417.[2]

Moreover, Plaintiff has failed to demonstrate a substantial threat of an irreparable injury. His conclusory allegations of potential harm do not amount to a constitutional violation, and in the absence of such a violation, federal courts are reluctant to interfere in the internal affairs of a state prison. *See Richie v. UTMB Hospital Galveston,* No. 2:12-CV-322, 2012 WL 12871940, at *2 (S.D. Tex. Oct. 18, 2012) (citing *Kahey v. Jones*, 836 F.2d 948, 950 (5th Cir. 1988)). Interference with

---

[2] Plaintiff has filed a separate civil rights action in this Court in which he claims that prison officials have acted with deliberate indifference to his serious vision issues by not allowing him to obtain replacement prescription eyeglasses. *Patrick v. Linthicum, et al.*, 2:18-CV-459 (S.D. Tex. 2018). Thus, to the extent that Plaintiff seeks injunctive relief with respect to his ability to see through prescription or reading glasses, such relief is being addressed by the Court in Case No. 2:18-CV-459.

the operations of the McConnell Unit at this early stage in the proceedings would not be in the public's interest without a full opportunity for the facts to be developed beyond Plaintiff's allegations. *See Kahey*, 836 F.2d at 951. Should Plaintiff be able to prove a constitutional violation to a trier of fact, then permanent injunctive relief might be appropriate at some point in the future.

### III. CONCLUSION

For the foregoing reasons, the Court **ADOPTS** the M&R, Dkt. No. 16. The Court therefore **RETAINS** Plaintiff's retaliation claim against Olvera in his individual capacity for monetary relief; Plaintiff's retaliation claim against Sifuentes in his official capacity for injunctive relief; and Plaintiff's equal protection claims against Herbst and Guevara in their individual capacities. All other claims are **DISMISSED**.

Further, the Court **DENIES** Plaintiff's motion seeking preliminary injunctive relief, Dkt. No. 18.

SIGNED this 5th day of June, 2019.

_____
Hilda Tagle
Senior United States District Judge