United States District Court
Southern District of Texas
**ENTERED**
April 28, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

JOHN T. PATRICK,                          §
                                          §
          Plaintiff,                      §
VS.                                       §     CIVIL ACTION NO. 2:19-CV-65
                                          §
JENNIFER  HIRBST, *et al*,                §
                                          §
          Defendants.                     §


**MEMORANDUM AND RECOMMENDATION
TO DENY WITHOUT PREJUDICE
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Plaintiff John T. Patrick, a Texas inmate appearing *pro se* and *in forma pauperis*, has filed this prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff's claims in this lawsuit arise in connection with his former housing assignment at the McConnell Unit in Beeville, Texas.

In his original and supplemental complaints, Plaintiff sues the following McConnell Unit officials: (1) Captain Herbst; (2) Captain Guevara; (3) Sergeant Andrew H. Nino; (4) Sergeant Michelle D. Esparza; and (5) Officer Olvera. Plaintiff claims that these prison officials harassed him through acts of retaliation, violated his due process rights, and discriminated against him on the basis of race.  (D.E. 1, 14).  Plaintiff seeks monetary and injunctive relief.

Following a *Spears*[1] hearing, the undersigned issued a Memorandum and Recommendation (M&R) on May 20, 2019 (May 20, 2019 M&R), recommending that the Court: (1) retain Plaintiff's retaliation claim against Officer Olvera in his individual capacity for monetary relief; (2) retain Plaintiff's retaliation claim against Warden Philip Sifuentes in his official capacity for injunctive relief only; (3) retain Plaintiff's equal protection claims against Captains Herbst and Guevara in their individual capacities; (4) dismiss Plaintiff's claims for money damages against all Defendants in their official capacities as barred by the Eleventh Amendment; and (5) dismiss Plaintiff's claims against the remaining defendants for failure to state a claim and/or as frivolous. (D.E. 16). Senior United States District Judge Hilda G. Tagle subsequently adopted the May 20, 2019 M&R in its entirety. (D.E. 24).

On June 12, 2019, the undersigned granted Plaintiff's motion seeking leave to amend his complaint. (D.E. 29). In his amended complaint, Plaintiff provided further allegations regarding his equal protection claims as well as new retaliation claims against Defendant Herbst. (D.E. 26).

On July 3, 2019, Defendants Olvera, Sifuentes, Herbst, and Guevara filed their answer. (D.E. 33).  On March 18, 2020, these defendants filed a Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c). (D.E. 74).   These defendants contended in the Rule 12(c) motion that: (1) Plaintiff's retaliation and equal protection claims were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), because they

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

are based on his allegedly wrongful and disproportionate disciplinary convictions; (2) Plaintiff failed to state a retaliation claim; and (3) Plaintiff failed to state a claim against Warden Sifuentes.  (D.E. 74).

On August 24, 2020, the undersigned issued a Memorandum and Recommendation (August 24, 2020 M&R), recommending that the Rule 12(c) motion be denied in its entirety.  (D.E. 82).  That same day, the undersigned substituted Warden Evelyn Castro in place of Warden Sifuentes.  (D.E. 83).  Senior District Judge Tagle subsequently adopted the August 24, 2020 M&R in its entirety. (D.E. 103).

On December 2, 2020, Defendants Olvera, Herbst, and Guevara (collectively "MSJ Defendants") filed their Motion for Summary Judgment, to which Plaintiff has filed a response.  (D.E. 93, 98).  After reviewing the summary judgment motion, the undersigned finds that it simply recycles failed arguments previously advanced in the Rule 12(c) motion with scant evidence attached to support such arguments.  (D.E. 93, pp. 3-11).  Furthermore, even though Warden Castro has been substituted in place of former Warden Sifuentes, Warden Castro does not join in the summary judgment motion.[2]  The MSJ Defendants instead restate their contention that Plaintiff has failed to state a claim against Warden Sifuentes, a party who is no longer a defendant in this case.

Accordingly, the undersigned respectfully recommends that the MSJ Defendants' Motion for Summary Judgment (D.E. 93) be **DENIED without prejudice** to filing a more thorough summary judgment motion in which all of the Defendants presently in this

---

[2] While not joining in the summary judgment motion, Defendant Castro previously joined in a motion asking the Court for a sixty-day extension of time to file a dispositive motion.  (D.E. 90).

case join.   In a separate order, the undersigned will set forth a new deadline for Defendants Olvera, Herbst, Guevara, and Castro to file their renewed summary judgment motion.

Respectfully submitted this 28th day of April 2021.

Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).